IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK ANDREW WIELAND,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU, ARTHUR LOGAN, CHIEF OF POLICE OF THE HONOLULU POLICE DEPARTMENT, IN HIS OFFICIAL CAPACITY ONLY; DAMIEN DESA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; AND DOE POLICE OFFICERS 1-15,<br><br>Defendants. | CIV. NO. 24-00215 DKW-RT<br><br><br>FINDINGS AND RECOMMENDATION TO SUSTAIN PLAINTIFF'S OBJECTION TO DEFENDANTS' REQUEST FOR TAXATION OF COSTS |

**FINDINGS AND RECOMMENDATION TO SUSTAIN PLAINTIFF'S**
**OBJECTION TO DEFENDANTS' REQUEST FOR TAXATION OF COSTS**

Before the Court is Plaintiff Patrick Andrew Wieland's ("Plaintiff")

*Objection to Defendants' Request for Taxation of Costs* ("Objection"), filed

February 3, 2026. ECF No. 86. Plaintiff objects to Defendants City and County of

Honolulu and Damien Desa's (collectively, "Defendants") *Request for Taxation of*

*Costs* ("Bill of Costs"), filed on January 28, 2026. ECF No. 85. Plaintiff objects

on the basis that the *Bill of Costs* is untimely.

The Court elects to decide the *Bill of Costs* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rule" or "LR").  After careful consideration of the *Bill of Costs*, *Objection*, records in this case and applicable law, the Court **RECOMMENDS** that the *Objection* be **SUSTAINED** and the *Bill of Costs* be **DENIED** in its entirety.

## DISCUSSION

Judgement in this case was entered by the Clerk's Office on December 9, 2025.  ECF No. 80.  Defendants filed their *Bill of Costs* on January 28, 2026, and requests taxable costs in the amount of $2,484.59.  ECF No. 85.  Plaintiff argues that the *Bill of Costs* is untimely and thus, the request for the taxation of costs should be denied.  ECF No. 86.  Pursuant to LR54.1(b),

> Unless otherwise ordered by the court, a Bill of Costs shall be filed and served within fourteen (14) days after entry of judgment, the entry of an order denying a motion filed under Fed. R. Civ. P. 50(b), 52(b), or 59, or an order remanding to state court any removed action.

The Court agrees with Plaintiff that the *Bill of Costs* is untimely.  It is clear that more than 14 days have elapsed between December 9, 2025 (date of entry of judgment) and the filing of the *Bill of Costs* (filed January 28, 2026).  Further, there is no order denying a Rule 50(b), 52(b) or 59 motion; and there is no order remanding this action to state court.

2

The Court notes that Plaintiff filed a *Notice of Appeal* on December 8, 2025. ECF No. 78. However, a pending appeal does not divest this Court of jurisdiction to review requests for attorneys' fees and bill of costs nor does it extend the any of the deadlines associated with these requests. *See Firsov v. City & Cnty. of Honolulu*, Civ. No. 23-00429 LEK-KJM, 2025 WL 1072026, at *1 (D. Haw. Mar. 21, 2025), *report and recommendation adopted*, Civ. No. 23-00429 LEK-KJM, 2025 WL 1067182 (D. Haw. Apr. 9, 2025) (citing *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999)). Thus, the deadline to file the *Bill of Costs* was on December 23, 2025, which is 14 days after the entry of judgment. It is irrefutable that the *Bill of Costs* is untimely.

Pursuant to LR54.1(a), "Non-compliance with any provision of LR54.1 shall be deemed a waiver of costs." Accordingly, because the *Bill of Costs* is untimely and does not comply with the requirements in 54.1(b), the Court finds that Defendants have waived their costs. The Court recommends that the district court sustain Plaintiff's objection and deny the *Bill of Costs*.

## **CONCLUSION**

The Court finds that by failing to timely file their *Bill of Costs*, Defendants have waived their costs. The Court thus **RECOMMENDS** that the *Objection* be **SUSTAINED** and the *Bill of Costs* be **DENIED**.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, March 3, 2026.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 24-00215 DKW-RT;  *Patrick Andrew Wieland vs. City and County of Honolulu, et al.*;  Findings and Recommendation to Sustain Plaintiff's Objection to Defendants' Request for Taxation of Costs